[Cite as *State v. Stringfellow*, 2013-Ohio-5452.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-7 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 2013-CR-36 |
| v. | : | |
| | : | |
| STEVEN W. STRINGFELLOW | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of December, 2013.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. #0069198, by JENNIFER E. GELLER, Atty. Reg. #0088855, Champaign County Prosecutor's Office, 200 North Main Street, 1st Floor, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

WILLIAM F. OSWALL, JR., Atty. Reg. #0080597, Madden & Oswall Co. LPA, 810 Sycamore Street, 5th Floor, Cincinnati, Ohio 45202
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}   Defendant-appellant Steven Stringfellow appeals from his sentence for

Disseminating Matter Harmful to Juveniles.   He contends that the trial court erred by sentencing

him to the maximum possible sentence and by ordering that the sentence run consecutively with a sentence imposed in another case.

{¶ 2}   We conclude that the trial court did not abuse its discretion in sentencing Stringfellow to a maximum or consecutive sentence.   Accordingly, the judgment of the trial court is Affirmed.

## I.  The Course of Proceedings

{¶ 3}   Stringfellow was charged with Disseminating Matter Harmful to Juveniles in violation of R.C. 2907.31(A)(1)(F), a felony of the fifth degree.  He pled guilty.  At the time Stringfellow committed the offense, he was on community control sanctions for Failure to Register Change of Address, a fourth degree felony offense, in Case Number 2010-CR-187 in the trial court.

{¶ 4}   The trial court sentenced Stringfellow to a twelve-month prison sentence for Disseminating Matter Harmful to Juveniles.   The trial court also revoked Stringfellow's community control sanctions and imposed an eighteen-month prison term in Case Number 2010-CR-187.   The trial court then ordered both sentences to run consecutively.[1]

{¶ 5}   From the sentence, Stringfellow appeals.

## II.  The Sentence Imposed Is Supported by the Record,

## and Is Not an Abuse of Discretion

---

[1]   The sentence in Case Number 2010-CR-187 is not a part of this appeal.    Stringfellow appeals solely from the sentence imposed in Case Number 2013-CR-36.

{¶ 6}    Stringfellow's First Assignment of Error states:

THE TRIAL COURT ERRED BY IMPOSING A SENTENCE THAT IS

NOT SUPPORTED BY THE FINDINGS IN THE RECORD.

{¶ 7}    Stringfellow contends that the trial court failed to consider the existence of mitigating factors when determining his sentence, resulting in an abuse of the trial Court's discretion and the imposition of a longer term of incarceration than mandated by the sentencing statutes.

{¶ 8}    Under *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470, a trial court has discretion in imposing a felony sentence.   In *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the Supreme Court of Ohio provided appellate courts with a two-step analysis for reviewing felony sentencing.   Under this test, an appellate court first considers whether the trial court followed all pertinent rules and statutes when imposing the sentence in order to determine whether the sentence is contrary to law.   Next, the reviewing court considers whether the trial court abused its discretion in selecting the sentence, with reference to the general principles of felony sentencing and the seriousness and recidivism factors set forth in R.C.2929.11 and 2929.12.

{¶ 9}    Pursuant to R.C. 2929.14(A)(1), Stringfellow's 12-month sentence for Disseminating Material Harmful to Juveniles is within the statutory range and is therefore not contrary to law.   In determining the sentence, the trial court stated that it considered the purposes and principles of felony sentencing under R.C. 2929.11, and also the seriousness and recidivism factors under R.C.2929.12, finding several that weighed in favor of imposing the maximum sentence.   These factors include that Stringfellow's relationship with the victim, a minor,

facilitated the offense; that Stringfellow was under a sanction for Failure to Register a Change of Address at the time he committed the offense; and that he had previously been adjudicated a delinquent child by reason of committing an offense that, if committed by an adult, would have constituted a felony. Furthermore, Stringfellow had a prior conviction in 2008 for Gross Sexual Imposition. The record shows that Stringfellow tested positive for marijuana at least four times while on community control sanctions. The record also shows that Stringfellow's probation officer noted that Stringfellow had been sending nude pictures of himself to the victim and told Stringfellow to cease that activity, but Stringfellow persisted in engaging in this behavior.

{¶ 10} With regard to mitigating factors, Stringfellow argues that he accepted responsibility for his actions and that the victim turned eighteen one month after Stringfellow's sentencing. The trial court did not fail to consider the mitigating sentencing factors urged by Stringfellow, because these factors are either not supported by the record, or do not lessen the seriousness of his conduct. Specifically, the only reference to remorse was made by Stringfellow's attorney, who stated that Stringfellow "knows that he screwed up here." And the fact that the victim turned eighteen a month after sentencing does not diminish the fact that he engaged in a pattern of sending nude pictures of himself, some of which showed him masturbating, to the victim while she was a minor.

{¶ 11} We conclude that Stringfellow's sentence is not contrary to law and does not constitute an abuse of discretion. Accordingly, the First Assignment of Error is overruled.

### III. The Trial Court Made the Necessary Findings for
### Consecutive Sentences, and those Findings Find Support in the Record

{¶ 12}   Stringfellow's Second Assignment of Error is as follows:

THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES.

{¶ 13}   In this assignment of error, Stringfellow argues that the trial court abused its discretion in ordering the sentence in this case to run consecutively to the sentence in Case Number 2010-CR-187.

{¶ 14}   R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds:

(1) the consecutive service is necessary to protect the public from future crime or to punish the offender,

(2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and

(3) any of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 15}** "The trial court is not required to give reasons explaining these findings, nor is the court required to recite any 'magic' or 'talismanic' words when imposing consecutive sentences. * * * Nevertheless, the record must reflect that the court made the findings required by the statute." *State v. Temple,* 2d Dist. Clark No. 2012–CA–65, 2013–Ohio–3843, ¶ 21, quoting *State v. Hubbard,* 10th Dist. Franklin No. 11AP–945, 2013–Ohio–2735, ¶ 86.

**{¶ 16}** The trial court made the finding that consecutive sentences were necessary in order to protect the public and to punish Stringfellow and that consecutive sentences are not disproportionate to the seriousness of the offense and the danger he poses to the public. The trial court further found that Stringfellow committed the offense while on probation and that his "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crim [sic] by the Defendant."

**{¶ 17}** From our review of the record we conclude that the trial court's findings are supported by the record. Accordingly, the Second Assignment of Error is overruled.

## IV. Conclusion

**{¶ 18}** Both of Stringfellow's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

HALL and GALLAGHER, JJ., concur.

(Hon. Eileen A. Gallagher, Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Kevin S. Talebi
Jennifer E. Geller
William F. Oswall, Jr.
Hon. Nick A. Selvaggio